**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xia Li Nelson, | No. CV-20-02178-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Security, *et al.*, | |
| Defendants. | |

At issue is Defendants Arizona Department of Economic Security and Arizona Department of Child Safety's Motion to Dismiss (Doc. 16), to which *pro se* Plaintiff Xia Li Nelson filed a Response (Doc. 18), and Defendants filed a Reply (Doc. 21). In this Order, the Court will also resolve Plaintiff's Motion for Leave to Amend (Doc. 19), Motion for Leave to File Surreply (Doc. 22), another Motion for Leave to Amend (Doc. 24), and Motion to Allow Electronic Filing by a Party Appearing without an Attorney (Doc. 27).

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In Plaintiff's Amended Complaint (Doc. 15)—her fifth pleading in this matter (see Docs. 1, 8, 11, 12, 14)—Plaintiff sues the Arizona Department of Economic Security and Arizona Department of Child Safety, alleging employment discrimination. Defendants point out in their Motion to Dismiss that neither is a jural entity under Arizona law and thus cannot be sued. In Arizona, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued. *Schwartz v. Superior Court*, 925 P.2d 1068, 1070 (Ariz. Ct. App. 1996). In her Response, Plaintiff concedes that Defendants are non-jural entities, and the Court must therefore dismiss Plaintiff's claims against Defendants with prejudice.

In her two Motions for Leave to Amend (Docs. 19, 24) and Motion for Leave to File Surreply (Doc. 22), Plaintiff states she also named the State of Arizona as a Defendant in this matter. That is not so, as she neither listed the State of Arizona as Defendant in the five versions of her Complaint nor served the State of Arizona with a Complaint and Summons. The time to serve Defendants with the Complaint in this matter under Federal Rule of Civil Procedure 4(m) has long passed. (Doc. 7.) Antithetically, Plaintiff requests leave to amend to now name the new Defendant in this action. That is not how litigation works. The new Defendant is not a party to this action and therefore not aware of it (through service of a complaint and summons) let alone able to respond to Plaintiff's Motion for Leave to Amend. It is dispositive that Plaintiff failed to state a legal claim against the named (and served) Defendants in this matter.

Even if Plaintiff's Amended Complaint (Doc. 15) did not suffer the fatal defect of attempting to sue non-jural entities, it suffers myriad other defects, as noted in Defendants' Motion to Dismiss (Doc. 16), including the most basic—failing to provide a short, plain

statement of Plaintiff's claims. As a result, even if Plaintiff had named a jural entity as Defendant in this matter, the Court would dismiss Plaintiff's Amended Complaint for failure to state a claim.

IT IS THEREFORE ORDERED granting Defendants' Motion to Dismiss (Doc. 16). Plaintiff's claims against Defendants are dismissed with prejudice.

IT IS FURTHER ORDERED denying Plaintiff's Motion for Leave to Amend (Doc. 19), Motion for Leave to File Surreply (Doc. 22), and second Motion for Leave to Amend (Doc. 24).

IT IS FURTHER ORDERED denying as moot Plaintiff's Motion to Allow Electronic Filing by a Party Appearing without an Attorney (Doc. 27).

IT IS FURTHER ORDERED directing the Clerk of Court to enter final judgment dismissing Plaintiff's claims against Defendants with prejudice and to close this matter.

Dated this 6th day of August, 2021.

Honorable John J. Tuchi
United States District Judge